Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Lyan M. Rosario Ramírez<br><br>Recurrida<br><br>vs.<br><br>José E. Acosta Pagán<br><br>Peticionario | TA2025CE00758 | ***CERTIORARI***<br>procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.:<br>ISRF201800854<br><br>Sobre: Irreparable |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Comparece por derecho propio el señor José E. Acosta Pagán (Sr. Acosta Pagán o peticionario), quien se encuentra confinado en la Institución Correccional Ponce 1,000 Adultos, y nos solicita la revocación de la Resolución emitida el 1 de octubre de 2025[1], por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI o foro primario). Mediante el referido dictamen, el foro primario determinó que el caso de epígrafe no cancela arancel, por lo que, no es necesario adjudicar la solicitud presentada por el peticionario a tales efectos.

Luego de evaluar el recurso presentado por el Sr. Acosta Pagán, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida y procedemos a resolver. Véase, Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

---

[1] Notificada el 6 de octubre de 2025.

Examinada la totalidad del expediente. a la luz del estado de derecho vigente, expedimos el auto de *Certiorari*, solicitado por el peticionario, y confirmamos el dictamen recurrido mediante los fundamentos que expondremos a continuación.

## I.

Surge del expediente ante nos que, el Sr. Acosta Pagán presentó una Solicitud y Declaración para que Exima de Pago Arancel por Razón de Indigencia, para tramitar un pleito de obligación alimentaria a tales efectos.

Evaluada tal petición, el 1 de octubre de 2025, el foro primario emitió una Resolución, notificada el 6 de octubre del mismo año, en la cual determinó que "en el caso de autos no se cancela arancel por la moción presentada por lo que no se adjudica la solicitud".[2]

Inconforme, el 5 de noviembre de 2025, el Sr. Acosta Pagán recurrió ante nos mediante un recurso de *Certiorari* en el cual señaló que, el TPI erró al no permitirle presentar una solicitud para litigar su caso en *forma pauperis*.

## II.

## A.

Es norma reiterada que, el auto *Certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior. *Caribbean Orthopedics v. Medshape, et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020). Véase, también, Art. 670 del Código de Enjuiciamiento Civil, Ley Núm. 6 del 31 de marzo de 1933, 32 LPRA sec. 3491. La característica distintiva de recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212

---

[2] Apéndice del recurso de Certiorari, Anejo 1, a las págs. 1-2.

DPR 194, 209 (2023); *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

En aras de orientar la discreción judicial, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita aquellas circunstancias que permiten la intervención de este Tribunal de Apelaciones para atender ciertas determinaciones interlocutorias:

> *El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.*

Nuestra autoridad se activa de mediar alguna de estas instancias. Ello, pues, la regla procesal aludida establece que ciertos dictámenes interlocutorios pueden: (1) afectar sustancialmente el resultado del pleito, o (2) tener efectos limitativos para la defensa o reclamación de una parte, o (3) conllevar cuestiones neurálgicas o de política pública que deben estar sujetos a revisión de forma inmediata. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847-848 (2023) (citando a e R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal *civil,* 6.a ed., San Juan, Ed. LexisNexis, 2017, Sec. 5515a, págs. 533).

No obstante, una vez se adquiere jurisdicción en virtud de la Regla 52.1 de Procedimiento Civil, *supra,* la expedición del auto y su adjudicación en los méritos es discrecional. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). En armonía con lo anterior, la Regla 40 del Tribunal de Apelaciones, *In re* Aprob.

Enmdas. Reglamento TA, 2025 TSPR 42, a las págs. 62-63, 215 DPR __ (2025), delimita los siguientes criterios para ponderar la expedición del auto solicitado:

> *A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.*
>
> *B. Si la situación de hechos planteada es la más indicada para analizar el problema.*
>
> *C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *E. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

Nótese que, la regla precitada facilita que la evaluación respecto a la expedición del recurso no transcurra en el vacío ni en ausencia de otros parámetros. *IG Builders et al.* v. *BBVAPR*, a la pág. 338; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011). Así pues, al examinar si procede la expedición del caso nos corresponde ser cuidadosos y conscientes de la naturaleza de la controversia ante nuestra consideración. *Torres González v. Zaragoza Meléndez, supra,* a la pág. 849. Por la naturaleza extraordinaria de este recurso, no debemos intervenir en las determinaciones de hechos del Tribunal de Primera Instancia, salvo que se pruebe que actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

**B.**

El 9 de marzo de 2015, el Tribunal Supremo de Puerto Rico emitió la Resolución ER-2015-1, *In re Aprobación de los Derechos Arancelarios pagaderos a los Secretarios, Alguaciles y a otro personal de la Rama Judicial que ejerce Funciones de Recaudación*, 192 DPR 397 (2015) (Resolución ER-2015-1). En lo pertinente a este recurso, el Máximo Foro estatal estableció lo siguiente en cuanto al pago de aranceles en casos de alimentos:

> *I. Derechos de Presentación que Deberán Pagarse a los(as) Secretarios(as) en Casos de Naturaleza Civil y a Otros(as) Funcionarios(as) de la Rama judicial con Funciones de recaudación.*
>
> *A. Por cada demanda en pleito civil contencioso ante el Tribunal de Primera Instancia,* **excepto en demandas en que se reclamen exclusivamente alimentos, las que estarán exentas del pago de derecho: Sala Superior - $90.00; Sala Municipal - $60.00.** *La excepción del pago de derechos en reclamaciones de alimentos a favor de menores aplicará sólo a la parte que ejerza la custodia del (de la) menor o de los(as) menores. Igualmente, estará exenta del pago de derechos la parte que solicite alimentos entre parientes o en calidad de ex-cónyuge. En aquellos casos en que ambas partes comparezcan conjuntamente mediante estipulación, la parte a quien se reclamen alimentos vendrá obligada a pagar el arancel dispuesto en este apartado.* Íd., a las págs. 397-398. (Énfasis nuestro).

**III.**

De entrada, establecemos que, de conformidad con los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* este foro apelativo intermedio se encuentra en posición de expedir el auto solicitado. En virtud de la discreción que ostentamos, procedemos a resolver la controversia ante nuestra consideración.

Luego de examinar con detenimiento el recurso que nos ocupa, determinamos que el foro primario actuó correctamente al resolver que la reclamación de epígrafe no amerita la cancelación

de aranceles por parte del Sr. Acosta Pagán. Ello, pues, la Resolución ER-2015-1, *supra,* exime al peticionario de incurrir en el pago arancelario, toda vez que el caso versa exclusivamente sobre una controversia de alimentos. Ante tales circunstancias, resolvemos, al igual que el tribunal recurrido, que no es necesario atender la Solicitud y Declaración para que Exima de Pago Aranceles, presentada por el peticionario, para que este pueda comparecer por derecho propio ante el TPI. En virtud de este razonamiento, confirmamos la Resolución recurrida, toda vez que no refleja error manifiesto, prejuicio, parcialidad o abuso de discreción por parte del foro primario.

## IV.

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y confirmamos la Resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Se devuelve el caso al foro primario para la continuidad de los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones